UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lonnie Haney #653382,

       Plaintiff,                            Hon. Robert J. Jonker

v.                                                Case No. 1:22-cv-33

Jeffrey S. Getting,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action January 12, 2022, against Jeffrey Getting. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed on the ground that this Court lacks subject matter jurisdiction to hear this matter.

**ANALYSIS**

      In his complaint, Plaintiff alleges the following. Following his state court criminal conviction, Plaintiff requested that the prosecutor provide him with copies of DHS reports including a videorecorded statement by his victim. The prosecutor refused on the ground that the requested production was exempted by Michigan law. Plaintiff now moves this Court to compel the prosecutor to produce the requested information.

      This Court lacks jurisdiction to hear this matter. Plaintiff has alleged a violation of state law only. Because Plaintiff does not allege a violation of federal law, the Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Miller v.*

1

*Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Likewise, the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332 because there does not exist complete diversity of citizenship between the parties. *Ibid.* There is no plausible interpretation of the allegations in Plaintiff's complaint which can establish that subject matter jurisdiction properly rests in this Court.

The Court, therefore, "must" dismiss this matter. *See* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *United States ex rel. Geller v. Michigan*, 804 Fed. Appx. 385, 386 (6th Cir., May 11, 2020) (recognizing that a federal court may *sua sponte* dismiss an action for lack of subject matter jurisdiction). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed on the ground that this Court lacks subject matter jurisdiction to consider this matter.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed on the ground that the Court lacks subject matter jurisdiction to consider this matter. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                              Respectfully submitted,

Date: January 26, 2022                /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge